IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESEE
SOUTHERN DIVISION AT CHATTANOOGA

| | | |
|---|---|---|
| DP MARINA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No._____ |
| | ) | |
| CITY OF CHATTANOOGA, TENNESSEE, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff DP Marina, LLC, by and through counsel, alleges as follows:

**NATURE OF THE CASE**

1. This is a citizen's suit, brought pursuant to Section 505(a)(1) of the federal Clean Water Act, ("CWA" or "the Act"), as amended, 33 U.S.C. § 1365(a)(1), to address violations of the Act by Defendant City of Chattanooga, Tennessee ("Chattanooga") arising out of its operation of the Tiftonia #1 Pump Station and associated pipes and manholes, which are part of the Chattanooga sewerage system located in Hamilton County, Tennessee. Defendant Chattanooga has, without a permit authorizing such discharges, due to its operation of the Tiftonia #1 Pump Station and associated pipes and manholes, illegally discharged untreated sewage and industrial wastewater through prohibited overflows of manholes, pipes, and/or other unpermitted outfalls into the Browns Ferry Marina. These sewage overflows also violate the express terms and conditions of Defendant Chattanooga's National Pollutant Discharge Elimination System ("NPDES") Permit issued pursuant to Section 402 of the Act, 33 U.S.C. § 1342. Plaintiff seeks a declaratory judgment, injunctive relief, the imposition of civil penalties, and the award of costs, including

attorney and expert witness fees, for Defendant Chattanooga's repeated and ongoing violations of the CWA and further seeks to compel compliance with Chattanooga's NPDES Permit and the Act. In addition, Plaintiff, who owns and operates Browns Ferry Marina, brings nuisance, trespass, and inverse condemnation claims pursuant to state law against Defendant Chattanooga seeking injunctive relief and consequential damages resulting from Defendant Chattanooga's illegal discharges of raw sewage into the Browns Ferry Marina.

## JURISDICTION

2. This Court has subject matter jurisdiction over the CWA claims set forth in this Complaint pursuant to Section 505(a) of the CWA, 33 U.S.C. § 1365(a), and 28 U.S.C. § 1331.

3. Plaintiff has complied with the pre-suit notice provisions of the CWA. Pursuant to Section 505(b)(1)(A) of the CWA, 33 U.S.C. § 1365(b)(1)(A), Plaintiff, on May 26, 2011, mailed a notice of intent to file suit under the CWA to address the violations at the Tiftonia #1 Pump Station and associated pipes and manholes to the Mayor and the Administrator of the Department of Public Works of Defendant Chattanooga, the Administrator of the U.S. Environmental Protection Agency ("EPA"), the Regional Administrator of the EPA, the Director of the Tennessee Department of Environment and Conservation ("TDEC"), and the United States Attorney General ("May Notice"). [Attached as Exhibit "A" and incorporated by reference herein]. The May Notice complied with 33 U.S.C. § 1365(b)(1)(A) and with 40 C.F.R. Part 135, Subpart A. More than 60 days have passed since the May Notice was served on Defendant and these agencies.

4. Neither EPA nor TDEC has commenced and is diligently prosecuting a civil or criminal action in a court of the United States to redress the violations of the CWA by Defendant Chattanooga. In addition, neither EPA nor TDEC has commenced an administrative civil

2

penalty action under Section 309(g)(6) of the Act, 33 U.S.C. § 1319(g)(6), or under a comparable Tennessee law, to redress the violations of the CWA by Defendant Chattanooga.

5. Plaintiffs will, immediately upon receipt of a file stamped copy of this Complaint, mail a copy of this Complaint to the Administrator of the Environmental Protection Agency, the Regional Administrator of the EPA Region in which the violations are alleged to have occurred, and the Attorney General of the United States.

6. Venue is appropriate in the Eastern District of Tennessee, pursuant to Section 505(c)(1) of the CWA, 33 U.S.C. § 1365(c)(1), because the source of the violations is located within this judicial district.

## PARTIES

7. Plaintiff DP Marina, LLC, is a corporation organized under the laws of the State of Tennessee with its principal office located at 175 Liberty Lane in Ringgold, Georgia. DP Marina, LLC, owns and operates the Browns Ferry Marina located at 702 Browns Ferry Road, Chattanooga, Tennessee, 37419. DP Marina, LLC, has been, and continues to be, directly and adversely impacted by Defendant Chattanooga's violations of the CWA in that Chattanooga has illegally discharged raw sewage and industrial wastewater into the Browns Ferry Marina, thereby polluting the waters of the Marina as well as the Tennessee River and causing the smell of raw sewage to permeate the Marina. These sewage overflows have caused Plaintiff to suffer damages in the form of real property damage, economic and business loss, out of pocket expense, loss of use, lost rental value and diminution in property value. The relief sought in this case would provide redress for these injuries. Additionally, because these injuries are being caused by pollution of waters of the United States, these injuries fall within the zone of interests protected by the CWA.

8. Plaintiff DP Marina, LLC is a "citizen" within the meaning of 33 U.S.C. § 1365(g) and 1365(a).

9. Defendant City of Chattanooga, Tennessee ("Chattanooga") is an incorporated municipality located in Hamilton County, Tennessee, where it operates the Moccasin Bend WWTP ("WWTP") and associated sewerage system, including the Tiftonia #1 Pump Station. The WWTP and associated sewerage system is covered under Tennessee NPDES Permit No. TN0024210, which authorizes Chattanooga to discharge treated effluent to various specified receiving waters.

10. Defendant Chattanooga is a "person" within the meaning of 33 U.S.C. § 1362(5) and 1365(a)(1).

## STATUTORY BACKGROUND

11. Section 301(a) of the Clean Water Act, 33 U.S.C. § 1311(a), prohibits the discharge of pollutants from a point source into waters of the United States unless the discharge is in compliance with various enumerated sections of the Act. Among other things, Section 301(a) prohibits such discharges not authorized by, or in violation of the terms of, a NPDES permit issued pursuant to Section 402 of the Act, 33 U.S.C. § 1342.

12. The State of Tennessee has been delegated the authority to implement the permitting programs of the Act by EPA, including the NPDES permit program, pursuant to 33 U.S.C. § 1342(b). TDEC is the water pollution control agency for purposes of the Act, and has drafted regulations pursuant to that authority implementing the Act's permitting programs within the State of Tennessee. *See* Tenn. Code Ann. § 69-3-105(h)(1).

4

13. A violation of an NPDES permit issued by TDEC is a violation of the Tennessee Water Quality Control Act of 1977, Tenn. Code Ann. §§ 69-3-101, *et seq.*, TDEC rules, including Chapter 1200-4-5, and the federal Clean Water Act.

14. A citizen suit, pursuant to 33 U.S.C. § 1365(a)(1), may be brought for violations of the terms of NPDES permits, as well as for discharges of pollutants from a facility into waters of the United States without a valid NPDES permit. 33 U.S.C. § 1365(f).

## GENERAL ALLEGATIONS

15. Defendant Chattanooga operates the WWTP and associated sewerage system, including the Tiftonia #1 Pump Station, in Hamilton County, Tennessee. Operation of the WWTP and sewerage system, including the Tiftonia #1 Pump Station and associated pipes and manholes, is governed by the terms and conditions contained in NPDES Permit No. TN0024210 ("NPDES Permit"), which authorizes Defendant Chattanooga to discharge treated wastewater to various specified receiving waters.

16. Plaintiff DP Marina, LLC, owns and operates the Browns Ferry Marina, located at 702 Browns Ferry Road, Chattanooga, Tennessee, 37419.

17. Sanitary sewage and industrial wastewater are pollutants under Section 502(6) of the Act, 33 U.S.C. § 1362(6).

18. The Tiftonia #1 Pump Station and associated pipes and manholes are point sources under Section 502(14) of the Act, 33 U.S.C. § 1362(14).

19. The Browns Ferry Marina and the Tennessee River are waters of the state of Tennessee, and "waters of the United States," as that term is used in the CWA and as it has been interpreted by the federal courts.

20. Part 2.1.15 of the NPDES Permit defines an Overflow as meaning "any release of sewage from any portion of the collection, transmission, or treatment system other than through

5

permitted outfalls." Part 2.1.15 provides that "[O]verflows are prohibited." Part 2.1.15(c) provides that "[T]he permittee shall operate the collection system so as to avoid overflows."

21. As set forth in May Notice attached hereto as Exhibit "A," manholes and pipes in and around the Browns Ferry Marina and/or other unpermitted outfalls of the Chattanooga sewerage system associated with the Tiftonia #1 Pump Station have overflowed into waters of the United States, including the Browns Ferry Marina and the Tennessee River, in violation of the NPDES Permit, on at least the following occasions:

   a. August 5, 2010;

   b. April 1, 2011;

   c. April 27, 2011.

22. The violations listed in the May Notice attached hereto as Exhibit "A and incorporated by reference herein relating to the overflows of sewage from the sewerage system operated by Defendant Chattanooga are continuing and ongoing, or are likely to recur, as of the date this Complaint is being filed.

**CLAIMS**

**COUNT 1: DISCHARGE OF POLLUTANTS TO SURFACE WATERS WITHOUT AN NPDES PERMIT IN VIOLATION THE CLEAN WATER ACT**

23. Paragraphs 1-22 of this Complaint are hereby realleged and incorporated by reference herein.

24. Defendant Chattanooga's discharge of sewage from manholes, pipes, and/or other unpermitted outfalls into Browns Ferry Marina and the Tennessee River constitutes the discharge of pollutants from a point source requiring an NPDES Permit authorizing such discharges.

25. Defendant Chattanooga has violated Section 301(a) of the CWA, 33 U.S.C. §1311(a), by discharging sewage from manholes, pipes, and/or other unpermitted outfalls into Browns Ferry

6

Marina and the Tennessee River on at least the occasions listed in Paragraph 21 above and the May Notice without an NPDES Permit authorizing such discharges.

26. Defendant Chattanooga should be subject to an enforcement order or injunction ordering Chattanooga to cease its discharges of pollutants without an NPDES permit authorizing such discharges.

27. Defendant Chattanooga should be subject to the assessment of civil penalties for these violations pursuant to Sections 309(d) and 505 of the Act, 33 U.S.C. §§ 1319(d) and 1365.

28. For the purpose of assessing the maximum penalty which Defendant Chattanooga is liable, each day that Chattanooga has discharged pollutants without a permit authorizing such discharges constitutes a separate violation of Section 301(a) of the CWA, pursuant to Section 309(d), 33 U.S.C. § 1319(d), for each day on which it has occurred or will occur after the filing of this Complaint.

### COUNT 2: VIOLATION OF THE TERMS OF NPDES PERMIT NO. TN 0024210 IN VIOLATION OF THE CLEAN WATER ACT

29. Paragraphs 1-28 of this Complaint are hereby realleged and incorporated by reference herein.

30. As set forth in Paragraph 21 of this Complaint and the May Notice, Defendant Chattanooga has violated Sections 301(a) and 402 of the CWA, 33 U.S.C. §§ 1311(a) and 1342, as well as Tennessee statutes and rules implementing the Act, by prohibited overflows of manholes, pipes, and/or other unpermitted outfalls in violation of Part 2.1.15.

31. Defendant Chattanooga should be subject to an enforcement order or injunction ordering Chattanooga to cease its violations of NPDES Permit TN0024210.

7

Case 1:12-cv-00218-HSM-SKL   Document 1   Filed 07/09/12   Page 7 of 11   PageID #: 7

32. Defendant Chattanooga should be subject to the assessment of civil penalties for these permit violations pursuant to Sections 309(d) and 505 of the Act, 33 U.S.C. §§ 1319(d) and 1365.

33. For the purpose of assessing the maximum penalty which Defendant Chattanooga is liable, each day that Chattanooga has violated its NPDES Permit constitutes a separate violation of Section 301(a) of the CWA, pursuant to Section 309(d), 33 U.S.C. § 1319(d), for each day on which it has occurred or will occur after the filing of this Complaint.

## COUNT 3: NUISANCE

34. Paragraphs 1-33 of this Complaint are hereby realleged and incorporated by reference herein.

35. Defendant Chattanooga's acts and/or omissions resulting in the illegal discharges of untreated sewage into the Browns Ferry Marina constitute a private nuisance in that they have caused substantial and unreasonable interference with the Plaintiff's use and enjoyment of the Browns Ferry Marina.

36. Defendant Chattanooga's creation and maintenance of a nuisance has caused damage to Plaintiff in the form of real property damage, economic and business loss, out of pocket expense, loss of use, lost rental value and diminution in property value for which Defendant Chattanooga is liable in damages.

## COUNT 4: TRESPASS

37. Paragraphs 1-36 of this Complaint are hereby realleged and incorporated by reference herein.

38. Defendant Chattanooga's intentional acts and/or omissions resulting in the illegal discharges of untreated sewage into the Browns Ferry Marina, without Plaintiff's permission, constitute a trespass.

39. Defendant Chattanooga's trespass has caused and continues to cause damage to Plaintiff in the form of real property damage, economic and business loss, out of pocket expense, loss of use, lost rental value and diminution in property value for which Defendant Chattanooga is liable in damages.

## COUNT 5: INVERSE CONDEMNATION

40. Paragraphs 1-39 of this Complaint are hereby realleged and incorporated by reference herein.

41. The City of Chattanooga is an incorporated municipality possessing the power of eminent domain under Tennessee law.

42. Plaintiff holds legal title to property, the Browns Ferry Marina, which has been taken and/or injured by Defendant Chattanooga's illegal discharges of untreated sewage.

43. Defendant Chattanooga's acts and/or omissions in causing the illegal discharges of untreated sewage into the Browns Ferry Marina amounts to such an interference with and/or invasion of Plaintiff's property rights as to amount to a compensable taking.

44. Plaintiff's property has been taken and/or injured by Defendant Chattanooga in the exercise of its governmental powers without just compensation being paid to Plaintiff, and Defendant Chattanooga is liable for just compensation to Plaintiff.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

a. Enter a declaratory judgment that Defendant Chattanooga has violated and is in violation of the CWA, 33 U.S.C. §§ 1311(a) and 1342;

b. Order or Enjoin Defendant Chattanooga to cease the discharge of pollutants from point sources into waters of the United States without an NPDES Permit;

c. Order Defendant Chattanooga to comply with all terms and conditions of coverage under its NPDES Permit;

d. Order Defendant Chattanooga to pay civil penalties of up to thirty-seven thousand five hundred dollars ($37,500) per day for each day of each violation of the CWA set out in this Complaint, pursuant to Sections 309(d) and 505(a) of the CWA, 33 U.S.C. § 1319(d) and 1365(a);

e. Award Plaintiffs their costs, including reasonable attorney and expert witness fees, as authorized by Section 505(d) of the CWA, 33 U.S.C. § 1365(d);

f. Award Plaintiff damages in an amount sufficient to compensate it for the real property damage, economic and business loss, out of pocket expense, loss of use, lost rental value, and diminution in property value due to the creation of a nuisance and due to the trespass by Defendant Chattanooga;

g. Award Plaintiff an amount to adequately compensate it for the taking of its property by Defendant Chattanooga through inverse condemnation;

h. Award Plaintiff its attorney fees, expert witness fees, and expenses as a result of Chattanooga's taking of its property pursuant to Tenn. Code. Ann. § 29-16-123; and

i. Grant such other and further relief as the Court deems just and appropriate.

Respectfully submitted, this the 9th day of July, 2012.

/s/Gary A. Davis
Gary A. Davis (Tenn. Bar No. 009766)
James S. Whitlock (NC Bar No. 34304)
Admission Requested *Pro Hac Vice*
DAVIS & WHITLOCK, P.C.
P.O. Box 649
61 North Andrews Avenue
Hot Springs, NC 28743
(828) 622-0044

*Attorneys for Plaintiff*

11

Case 1:12-cv-00218-HSM-SKL   Document 1   Filed 07/09/12   Page 11 of 11   PageID #: 11